### In the Matter of Alex R. VOILS, Respondent.

### No. 06S00–1304–DI–223.

Supreme Court of Indiana.

May 30, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent represented Client in pursuing a claim for accidental death benefits under a life insurance policy. The decedent died from carbon monoxide inhalation, which would not be covered unless it resulted from an occupational accident. Client gave Respondent information about a person for whom the decedent was working at the time of his death. The insurance company denied the claim in 2005. Despite Client's requests, Respondent did little to press the claim against the insurance company. After Client fired Respondent in 2009, Respondent failed to comply with repeated requests from Client and her new counsel for her file. After Client filed a grievance against Respondent, he failed to respond in a timely manner to the Commission's demand for a response to the grievance and to a subpoena duces tecum.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent had physical and mental health problems at the time of the misconduct; and (3) Respondent has met with Indiana Judges and Lawyers Assistance Program, completed its program requirements, and is being treated by a neuropsychologist.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.16(d): Failure promptly to return to a client case file materials to which the client is entitled after termination of representation.

8.1(b): Failure to respond in a timely manner to the Commission's demands for information.

**Discipline:** The parties propose the appropriate discipline is a thirty (30) day suspension with automatic reinstatement. The discipline imposed for Respondent's misconduct might have been more severe had this matter been submitted without the Commission's agreement to the proposed discipline. However, in light of the Commission's assessment that the proposed discipline is sufficient under the circumstances of this case, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent**

from the practice of law for a period of thirty (30) days, beginning July 12, 2013. Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who did not participate.